**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Alvin SCHLESINGER, Defendant–Appellant.**

No. 94–15612.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 9, 1994.

Decided Oct. 21, 1994.

As Amended on Denial of Rehearing and Suggestion for Rehearing En Banc Feb. 24, 1995.

Before FLETCHER, HALL, and WIGGINS, Circuit Judges.

**ORDER**

The opinion October 21, 1994, is amended to reflect the following changes:

The panel as constituted in the above case has voted unanimously to deny the petition for rehearing and to reject the suggestion for a rehearing en banc.

The full court has been advised of the suggestion for en banc hearing and no judge of the court has requested a vote on the suggestion for rehearing en banc. Fed. R.App.P. 35.

The petition for rehearing is denied and the suggestion for a rehearing en banc is rejected.

## OPINION

WIGGINS, Circuit Judge:

This appeal requires us to consider whether a sentence may be challenged on a petition pursuant to 28 U.S.C. § 2255 despite the fact that the challenge could have been made on direct appeal but was not.

### Background

Petitioner Alvin Schlesinger was indicted on one count of distributing approximately one kilogram of cocaine, in violation of 21 U.S.C. § 841(a)(1). On December 7, 1990, Schlesinger pleaded guilty pursuant to a plea agreement. He was sentenced on April 3, 1991 to 70 months imprisonment and five years supervised release. Schlesinger did not appeal his conviction or sentence, nor did he file a Fed.R.Crim.P. 35 motion to correct or reduce his sentence.

On December 7, 1993, Schlesinger, represented by new counsel who is also handling this appeal, filed a petition for resentencing pursuant to 28 U.S.C. § 2255 in the District of Hawaii. The petition alleged that the district court failed to resolve factual disputes at sentencing as required by Fed.R.Crim.P. 32(c)(3)(D). The petition was denied on March 4, 1994 on the ground that the sentencing court had, in fact, complied with Rule 32(c)(3)(D). Schlesinger now appeals that denial.

### Discussion

■ The government argues that allegations of such sentencing errors, when not directly appealed, are not generally reviewable by means of a § 2255 petition and that it was inappropriate for the district court even to consider the merits of Schlesinger's petition. We agree.

Two circuits have held that claims such as Schlesinger's are simply not cognizable on § 2255 review because they have not been raised on direct appeal. The Fifth Circuit has the best-developed law on this point. A nonconstitutional "violation of Rule 32(c)(3)(D) is cognizable either on direct appeal or on a Rule 35 motion to correct a sentence. [Petitioner] did not take either of these steps and has thus failed to bring his claim within the narrow ambit of § 2255 review." *United States v. Smith*, 844 F.2d 203, 207 (5th Cir.1988); *accord United States v. Perez*, 952 F.2d 908, 910 (5th Cir.1992); *United States v. Weintraub*, 871 F.2d 1257, 1266 (5th Cir.1989); *United States v. Prince*, 868 F.2d 1379, 1386 (5th Cir.), *cert. denied*, 493 U.S. 932, 110 S.Ct. 321, 107 L.Ed.2d 312 (1989). The Fourth Circuit came to the same conclusion. "A violation of [Rule 32(c)(3)(D) ] can, of course, be challenged on direct appeal. By failing to seek such review of his claim, Emanuel waived it, and he is therefore not being held 'in violation of the ... laws of the United States.'" *United States v. Emanuel*, 869 F.2d 795, 796 (4th Cir.1989) (citations omitted).

Two other circuits have decided that the "cause and prejudice" exception to waiver, *see United States v. Frady*, 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594–95, 71 L.Ed.2d 816 (1982), applies to nonconstitutional sentencing claims raised for the first time by § 2255 petition. The Eleventh Circuit has held that the *Frady* standard applies to Rule 32(c)(3)(D) claims raised through § 2255. *Parks v. United States*, 832 F.2d 1244, 1246 (11th Cir.1987); *accord Martorana v. United States*, 873 F.2d 283, 284 (11th Cir.1989). More recently, the Third Circuit has held that claims of violations of the Sentencing Guidelines may be raised for the first time through § 2255 if the petitioner meets the *Frady* standard. In *United States v. Essig*, 10 F.3d 968, 979 (3d Cir.1993), the court observed that the Sentencing Reform Act "greatly changed the methods by which sentences are imposed and challenged," and that "§ 2255 is no longer a necessary stand-in for the direct appeal of a sentencing error because full review of sentencing errors is now available on direct appeal." Authority in that circuit, prior to the Sentencing Guidelines, held that sentencing errors were generally reviewable in § 2255 proceedings because that procedure was the equivalent of a direct appeal. *See United States v. Baylin*, 696 F.2d 1030 (3d Cir.1982); *Diggs v. United*

*States,* 740 F.2d 239, 244 (3d Cir.1984). The *Essig* court decided that cause and prejudice must now be shown because "[i]f defendants could routinely raise, in a § 2255 collateral proceeding, errors in sentencing not raised on direct appeal which the sentencing court had not an opportunity to correct, Congress's intent of encouraging direct appellate review of sentences under the Sentencing Guidelines would be frustrated." 10 F.3d at 979.

Since a time prior to the Sentencing Guidelines, this court has held that the failure to raise sentencing issues may preclude the petitioner from asserting those issues by way of a § 2255 petition. *United States v. Donn,* 661 F.2d 820, 824 (9th Cir.1982) ("A defendant waives his right to attack the presentence report through a § 2255 motion when he fails to avail himself of an opportunity to do so contemporaneously or on direct appeal."); *cf. United States v. Keller,* 902 F.2d 1391, 1393 (9th Cir.1990) (holding that a challenge to a presentence report was waived because the movant failed to object to the report at sentencing and "did not otherwise raise the issue prior to filing his § 2255 motion"). Exception has frequently been made for constitutional questions, even if not raised on direct appeal. *See Vandergrift v. United States,* 313 F.2d 93, 95 (9th Cir.1963) (discussing "the usual, although not invariable practice of permitting constitutional questions to be raised collaterally even though they could have been raised on direct appeal from the conviction").

This court has not comprehensively discussed the issue of waiver of sentencing issues since the sentencing process was overhauled by the Sentencing Reform Act. However, one of our recent cases holds, without discussion, that sentencing errors that were not raised on appeal and that do not implicate constitutional concerns are waived, without any opportunity to be saved by a showing of cause and prejudice. "[Petitioner] makes a number of challenges to his sentencing not suggesting constitutional error, but these are all barred because he did not appeal." *Evenstad v. United States,* 978 F.2d 1154, 1158 (9th Cir.1992). Alleged constitutional violations are treated differently. The holding quoted above followed close on the heels of

an application of the cause and prejudice standard to an allegation of ineffective assistance of counsel. "Evenstad must make a 'showing of cause' for his failure to comply with [Rule 32(a)(1) ], and 'some showing of actual prejudice resulting from the *alleged constitutional violation.*' *Id.* (quoting *Wainwright v. Sykes,* 433 U.S. 72, 84, 97 S.Ct. 2497, 2505, 53 L.Ed.2d 594 (1977)) (emphasis added); *cf. United States v. Vea-Gonzales,* 999 F.2d 1326, 1333 n. 11 (9th Cir.1993) (citing *Evenstad* for the proposition that "failure to raise [an] issue at sentencing waives it absent showing of cause and prejudice").

■ We therefore conclude that this court follows the rule that nonconstitutional sentencing errors that have not been raised on direct appeal have been waived and generally may not be reviewed by way of 28 U.S.C. § 2255.

■ The case upon which Schlesinger relies, *United States v. Garfield,* 987 F.2d 1424 (9th Cir.1993), is in no way contrary. *Garfield* never addressed the issue of waiver. This court will not address waiver if not raised by the opposing party. *United States v. Lewis,* 787 F.2d 1318, 1323 n. 6 (9th Cir.), *amended on den. reh'g en banc,* 798 F.2d 1250 (1986). Even if *Garfield* had ruled on the waiver issue, it would be distinguishable because it involved a claim that was raised before the sentencing court through a Rule 35 motion to correct a sentence. *See* 987 F.2d at 1426. A contemporaneous objection to the alleged error by means of a Rule 35 motion may be sufficient to preserve the issue for collateral review under § 2255. *See Smith,* 844 F.2d at 207; *cf. Donn,* 661 F.2d at 820. Because there was no such motion in this case, we need not decide that question.

Some circuits have allowed certain violations of Rule 32 be raised collaterally if "good cause" exists as to why such claims could not have been raised on direct appeal. In cases involving the failure to append written findings and determinations for parole use, as required by the second part of Rule 32(c)(3)(D), the Seventh and Tenth circuits have found that defendants should not be precluded from raising the issue collaterally because the error reasonably may not be

discovered until long after sentencing. *United States v. Gattas,* 862 F.2d 1432, 1435 (10th Cir.1988); *Kramer v. United States,* 788 F.2d 1229, 1231 (7th Cir.1986); *cf. United States v. Bartholomew,* 974 F.2d 39, 41 (5th Cir.1992) (holding that petitioner may collaterally attack a Rule 32 violation if he "can demonstrate that the error could not been brought to the court's attention earlier"). This court has held that the failure to attach written findings is properly remedied by resort to Fed.R.Crim.P. 36, not § 2255. *United States v. Knockum,* 881 F.2d 730, 732 (9th Cir.1989). Nevertheless, we cannot rule out the possibility that certain errors are remediable by way of § 2255 because they were not discoverable in time for direct appeal.

In this case, however, there is absolutely no reason why Schlesinger should not have known of, and been able to appeal, the alleged "errors" immediately. Schlesinger suggests that the error could not be discerned until *Garfield* was decided. That argument is nothing less than frivolous. The requirements of Rule 32 were established in this circuit well before Schlesinger was sentenced. *See United States v. Edwards,* 800 F.2d 878, 881 (9th Cir.1986) ("Strict compliance with Rule 32(c)(3)(D) is required and failure to comply will result in remand"). The sentencing court's response to Schlesinger's objections was immediately evident at sentencing. There is no reason why an immediate, direct appeal could not have been taken.[1] Any exception to waiver for hidden errors is inapplicable in this case.

## Conclusion

By failing to raise the issue on direct appeal, Schlesinger waived his argument that he was improperly sentenced because of the

sentencing court's alleged failure to comply with the letter of Rule 32. The district court's order denying Schlesinger's petition pursuant to 28 U.S.C. § 2255 is affirmed.

---

1. In fact, the real reason for the § 2255 petition becomes apparent when Schlesinger's proffered cause is scrutinized. Schlesinger admitted to the district court that the issue that forms the basis for his petition only had "real 'bite' since November 1, 1992, since there was a key change in the law. Only then could the raising of this issue result in a significantly lower sentence upon resentencing." The "key change in the law" to which Schlesinger alludes is apparently the amendment to the Sentencing Guidelines that allows up to a three-point reduction in offense level for acceptance of responsibility. *See*

U.S.S.G. § 3E1.1(b) (1992). That guideline was amended effective November 1, 1992. *See* U.S.S.G. Appendix C, amendment 459. Schlesinger originally received a two-level decrease, all that was available under the Guidelines at the time. As his brief to this court candidly reveals, Schlesinger now seeks to have his sentence vacated so that he may try for a three-level decrease. Schlesinger thereby concedes that the claim was raised later rather than earlier because immediate resentencing would not have reduced his sentence.