62 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James T. ELLIS, Defendant-Appellant.
 No. 95-15129.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 8, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James T. Ellis appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion. Ellis was sentenced to 120 months of imprisonment following a guilty plea to bank robbery in violation of 18 U.S.C. Sec. 2113(a). Ellis contends that the district court failed to articulate properly its reasons when granting an upward departure. The government argues that Ellis waived his contention by failing to directly appeal his sentence. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 "[N]onconstitutional sentencing errors that have not been raised on direct appeal have been waived and generally may not be reviewed by way of 28 U.S.C. Sec. 2255." United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir. 1995) (applying waiver to defendant's argument that district court failed to resolve factual disputes at sentencing); see also United States v. Faubion, 19 F.3d 226, 232-33 (5th Cir. 1994) (defendant's challenge to upward departure cannot be raised in 28 U.S.C. Sec. 2255 motion).
 
 
 4
 Ellis contends that the district court failed to explain its reasons for departing from the Sentencing Guidelines. However, the alleged errors are nonconstitutional and thus cannot be raised by a 28 U.S.C. Sec. 2255 motion filed five years after Ellis's conviction. See Schlesinger, 49 F.3d at 485; see also Faubion, 19 F.3d at 232-33.
 
 
 5
 Ellis also argues that the district court, in granting the upward departure, relied on factors that were impermissible under the Sentencing Guidelines and facts that were not proven by a preponderance of the evidence. We do not address these issues because Ellis failed to include them in his 28 U.S.C. Sec. 2255 motion to the district court. See United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3