86 F.3d 1163
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sno Carl ADDERLY, Defendant-Appellant.
 No. 95-16494.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 20, 1996.*
Decided May 29, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sno Carl Adderly, a federal prisoner, appeals the denial of his 28 U.S.C. § 2255 motion challenging his sentence and guilty plea conviction for armed robbery (18 U.S.C. § 2113(a)) and use of a deadly weapon in the commission of a crime of violence (18 U.S.C. § 924(c)). Adderly contends that the district court erred by (1) failing to retroactively apply Amendment 489 of the Sentencing Guidelines and (2) failing to provide an adequate statement of reasons for its choice of sentence. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo, Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and we affirm.[1]
 
 
 3
 Adderly contends that the district court erred by refusing to vacate his sentence in order to retroactively apply Amendment 489.[2] We disagree.
 
 
 4
 Clarifying amendments are generally applied retroactively at sentencing and on direct appeal, see U.S.S.G. § 1B1.11(b)(2); United States v. Sanders, 67 F.3d 855, 856-57 (9th Cir.1995).[3] Adderly, however, waived the right to appeal his sentence in his plea agreement and we generally do not consider non-constitutional sentencing issues raised for the first time in collateral proceedings. See United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1994). Even assuming Adderly's claim fits within Schlesinger's exception, resentencing would be unnecessary as the retroactive application of Amendment 489 would result in imposition of the same sentence.
 
 
 5
 Adderly also contends that the district court failed to state adequate reasons for selecting the maximum sentence under the guidelines. Adderly waived this nonconstitutional sentencing issue by failing to raise it in the district court or on appeal, see Schlesinger, 49 F.3d at 485 (9th Cir.1994), and could not prevail even if he had raised it below. See United States v. Duran, 37 F.3d 557, 560 (9th Cir.1994) (protection of the public and rehabilitation are sufficient reasons to justify selection of a sentence at high end of range).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the denial of relief under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 [2]
 Adderly was sentenced on September 18, 1993 under the 1992 version of the Sentencing Guidelines. Amendment 489 became effective on November 1, 1993. See U.S.S.G., App. C, Amendment 489
 
 
 [3]
 In his section 2255 petition, Adderly also argued that he was eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). Section 3582(c)(2), however, "is triggered only by an amendment listed in subsection (d)" of U.S.S.G. § 1B1.10. U.S.S.G. § 1B1.10 comment. (n. 1). Amendment 489 is not listed in section 1B1.10(d)