91 F.3d 156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lorna FAUX, Defendant-Appellant.
 No. 95-16146.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1996.*
Decided June 28, 1996.
 
 Before: NOONAN, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lorna Faux appeals the district court's denial of her 28 U.S.C. § 2255 motion. Faux contends that the district court erroneously calculated the amount of loss under U.S.S.G. § 2F1.1, and that counsel was ineffective at sentencing for failing to challenge the amount of loss, for failing to make a sentence manipulation argument, and for not arguing for a downward departure. We have jurisdiction under 28 U.S.C. §§ 1291, 2255. We review the denial of the motion de novo, Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994), and any factual findings for clear error, Doganiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 499 U.S. 940 (1991). We affirm.[1]
 
 
 3
 Faux waived her claim that the loss calculation was erroneous by failing to challenge the calculation at sentencing and on direct appeal, because the claim could have been discovered in time for direct appeal. See United States v. Schlesinger, 49 F.3d 483, 485-86 (9th Cir.1994).
 
 
 4
 Faux claims that counsel should have objected to the loss calculation, on the grounds that no loss could have occurred in the sting operation and Faux intended to replace the counterfeit cashiers checks with her share of laundered drug money.
 
 
 5
 To succeed on her ineffective assistance of counsel claim, Faux must show that counsel's actions were deficient and that she was prejudiced by the deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 6
 Faux's citations to United States v. Sneed, 34 F.3d 1570, 1584 (10th Cir.1994), and United States v. Galbraith, 20 F.3d 1054, 1059 (10th Cir.), cert. denied, 115 S.Ct. 233 (1994) are inapposite. The defendants in those cases, unlike Faux, were incapable of inflicting a loss due to the government's complete control of the sting operation. See Sneed, 34 F.3d at 1584; Galbraith, 20 F.3d at 1059.
 
 
 7
 Similarly Faux's citation to United States v. Shaw, 3 F.3d 311, 313 (9th Cir.1993) is unavailing. First, Faux did not fraudulently obtain a loan with the intent to repay it; she dealt in counterfeit cashier's checks. As the district court noted, cashier's checks do not carry an inherent obligation to repay them. Thus, despite any stated intention by Faux, Shaw has no application. Cf. id. Second, the district court determined that "a real risk of loss did in fact exist and was intended" by Faux. She fails to indicate how the district court clearly erred in this factual finding. See Doganiere, 914 F.2d at 167.
 
 
 8
 Because the arguments concerning loss would not have succeeded, Faux suffered no prejudice from counsel's failure to challenge the loss calculation. See Strickland, 466 U.S. at 687.
 
 
 9
 Faux failed to raise her other arguments concerning counsel's ineffectiveness in her § 2255 motion; thus we do not address them. See United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the denial of relief under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal