92 F.3d 1194
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
E.J. CONNER, Defendant-Appellant.
 No. 95-56691.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1996.*
Decided Aug. 5, 1996.
 
 Appeal from the United States District Court for the Southern District of California, Nos. CV-95-01003-LCN, CR-92-00669-LCN; Leland C. Nielsen, District Judge, Presiding.
 S.D.Cal.
 AFFIRMED.
 Before: HUG, Chief Judge, SCHROEDER and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 E.J. Conner appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his jury conviction and his sentence for conspiracy to possess cocaine with intent to distribute, and aiding and abetting possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 2. Conner contends that: (1) his conviction and sentence violate the Double Jeopardy Clause; and (2) the district court erred by sentencing him to 121 months imprisonment. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2255.[1] We review de novo the district court's denial of Conner's § 2255 motion, Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994), and affirm.[2]
 
 
 3
 Conner contends that because his conviction and sentence followed the confiscation and forfeiture of currency used in the drug transaction, his conviction and sentence violate the Double Jeopardy Clause.
 
 
 4
 Conner's contention is foreclosed by the Supreme Court's decision in United States v. Ursery, 116 S.Ct. 2134 (1996) ("[C]ivil forfeiture does not constitute punishment for the purpose of the Double Jeopardy Clause.").
 
 
 5
 Conner contends that the district court committed three sentencing errors by failing to (1) grant him an adjustment based on his minimal role; (2) depart downward because he was the victim of a government reverse sting; and (3) calculate his offense level based on the correct amount of cocaine.
 
 
 6
 Nonconstitutional sentencing errors that have not previously been raised on direct appeal are waived and may not be reviewed under § 2255. United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1995). Because he did not raise these claims on direct appeal, Conner has waived review of them here. See id.[3]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government contends that this appeal should be dismissed because Conner's notice of appeal is untimely; however, this court has previously determined that Conner's notice of appeal, although mistakenly filed in this court, would be deemed filed in the district court as of the date it was received in the court of appeals and is therefore timely. See Fed.R.App.P. 4(a)(1)
 
 
 [2]
 Because we affirm the district court's denial of Conner's motion under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 [3]
 Conner also contends that his appellate counsel rendered ineffective assistance. We will not consider this contention because Conner raises it before this court for the first time in his reply brief. See United States v. Birtle, 792 F.2d 846, 848 (9th Cir.1986)