95 F.3d 1159
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward B. GALLUP, Defendant-Appellant.
 No. 96-35030.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 7, 1996.*
Decided Aug. 28, 1996.
 
 Before: CHOY, SKOPIL and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward Gallup and others were charged and convicted of various criminal offenses stemming from their roles in operating a fraudulent health insurance scheme. We affirmed their convictions on direct appeal, United States v. O'Brien, 50 F.3d 751 (9th Cir.1995), rejecting their contention that the district court erred by imposing a two-level vulnerable victim enhancement pursuant to U.S.S.G. § 3A1.1. Gallup thereafter filed this 28 U.S.C. § 2255 petition seeking review of other sentencing determinations, and raising double jeopardy and ineffective assistance of counsel claims. The district court denied relief. We affirm.
 
 
 3
 Gallup raises various challenges to the district court's application of the sentencing guidelines. While there is disagreement whether these challenges were raised during the sentencing process, there is no dispute that none were raised on direct appeal. Nonconstitutional sentencing errors that have not been raised on direct appeal are deemed waived and cannot be reviewed by way of collateral proceedings. See United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1995). Accordingly, Gallup's sentencing challenges were properly rejected.
 
 
 4
 We also conclude that Gallup's double jeopardy claim was properly rejected by the district court. The Supreme Court recently made clear that pre-conviction civil forfeiture proceedings do not implicate the Double Jeopardy Clause. See United States v. Ursery, 116 S.Ct. 2135, 2138 (1996).
 
 
 5
 Finally, we agree with the district court that Gallup was not denied effective assistance of counsel. There is no credible argument that counsel's performance during the five-week trial or during sentencing fell below the objective standard of reasonableness required by Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Moreover, Gallup has failed to show any reasonable probability that but for counsel's actions the result of the proceedings would have been different. See Strickland, 466 U.S. at 694 (defining prejudice prong of two-part standard).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because we affirm under the former version of 28 U.S.C. § 2255, we do not consider the applicability of the more demanding standards in the Antiterrorism and Effective Death Penalty Act of 1996