103 F.3d 142
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Huot Seng LOR, Defendant-Appellant.
 No. 95-36258.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.*
Decided Dec. 05, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Huot Seng Lor appeals pro se the district courts' denial of his 28 U.S.C. § 2255 motion. Lor contends that: 1) the restitution amount imposed at sentencing is erroneous; 2) counsel was ineffective for failing to insist on an evidentiary hearing on the restitution amount; and 3) the district court erroneously denied an evidentiary hearing and discovery. We review de novo a district court's decision on a § 2255 motion. Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 3
 Lor has waived his claim that the district court erroneously determined the amount of restitution by his failure to challenge this determination at sentencing and on direct appeal. See United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1994).
 
 
 4
 We review de novo a district court's determination that trial counsel rendered effective assistance. United States v. Span, 75 F.3d 1383, 1387 (9th Cir.1996). To prevail on a claim of ineffective assistance, a defendant must show both that his counsel's performance was deficient and that this prejudiced his case. Strickland v. Washington, 466 U.S. 668, 688 (1984). We may dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, without examining the performance prong. See id. at 697.
 
 
 5
 At his guilty plea, Lor stipulated that he accepted bribes from more than thirty persons to help them obtain state and federal benefits fraudulently. The government at sentencing originally sought restitution of $2,500,000, but Lor's counsel and the government eventually stipulated that restitution should be $595,000. This figure represented the amount of state benefits received by sixteen people.
 
 
 6
 Lor claims that some of the people he aided either received public benefits before Lor ever worked for the Washington Department of Health and Social Services, or were entitled to the benefits that Lor helped them collect. Lor's vague and conclusory allegations, however, are insufficient to entitle him to relief. See Shah v. United States, 878 F.2d 1156, 1161 (9th Cir.1989). He identifies no one who received benefits legitimately or without Lor's help. Furthermore, Lor alleges no facts tending to show that the government would be unable to prove that Lor aided others in obtaining at least $595,000 fraudulently. Lor fails to show that he was prejudiced by counsel's actions. See Strickland, 466 U.S. at 697.
 
 
 7
 Because the factual allegations, when viewed against the record, do not state a claim for relief, the district court did not err by denying Lor an evidentiary hearing or discovery. See 28 U.S.C. § 2255; Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994); Shah, 878 F.2d at 1159.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Because we affirm the denial of the motion under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3