105 F.3d 666
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mae NOBLE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-17188.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 13, 1996.
Decided Dec. 19, 1996.
 
 BEFORE: BROWNING, ALDISERT**, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Mae Noble presents the following questions for our consideration: (1) whether she may assert for the first time in a motion under 28 U.S.C. § 2255 that the government failed to prove she was guilty of conspiring to manufacture D-methamphetamine; and 2) whether the court erred in not granting a downward departure because of imperfect entrapment. These issues were not raised at sentencing or on direct appeal. Noble argues also that she was denied competent counsel because her attorney did not raise objections at sentencing or on direct appeal concerning the type of methamphetamine involved in her offense and the possibility of a downward departure based on imperfect entrapment. We affirm.
 
 I.
 
 3
 Noble's first contention is barred by our recent decision in United States v. McMullen, 95-36031 (9th Cir. Oct. 23, 1996), in which we held that a defendant may not obtain relief under a § 2255 motion for sentencing errors concerning the type of methamphetamine involved in an offense when the issue was not raised at sentencing or on direct appeal.
 
 II.
 
 4
 This court recognizes what Noble refers to as imperfect entrapment, characterizing the claim as "sentencing entrapment" or "sentence factor manipulation." United States v. Staufer, 38 F.3d 1103, 1106 (9th Cir.1994); United States v. Robinson, 94 F.3d 1325, 1329 (9th Cir.1996). Sentencing entrapment may be grounds for granting a downward departure "when a defendant, although predisposed to commit a minor or lesser offense, is entrapped in committing a greater offense subject to greater punishment." Staufer, 38 F.3d at 1106. Noble did not raise this issue at sentencing or on direct appeal.
 
 
 5
 In McMullen, the court noted the long-standing rule that petitioners cannot in a § 2255 motion challenge non-constitutional sentencing errors that were not raised either at sentencing or on direct appeal. United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1995); United States v. Keller, 902 F.2d 1391, 1393 (9th Cir.1990). Failure to make a proper objection concerning a sentence or sentencing procedure to the district court or in a direct appeal from the sentencing decision results in a waiver of the right to object in later, collateral proceedings. Schlesinger, 49 F.3d at 483; Keller, 902 F.2d at 1393.
 
 
 6
 Noble concedes she did not raise the sentencing-entrapment issue at sentencing or on direct appeal and that "no court has ever actually evaluated [her] contention that she is entitled to partial relief under the doctrine of imperfect entrapment." Appellant's Opening Br. at 1, 12. In Staufer and United States v. Garza-Juarez, 992 F.2d 896 (9th Cir.1993), cert. denied, 510 U.S. 1058 (1994), we recognized the imperfect-entrapment issue; however, we addressed the issue in direct appeals. Under the teachings of McMullen, Schlesinger and Keller, we hold that Noble may not raise this issue for the first time in a § 2255 motion.
 
 III.
 
 7
 The McMullen court recently held that an attorney's failure to object at sentencing or on direct appeal to an unwritten assumption in the presentence report that the type of methamphetamine involved in a case was D-methamphetamine did not constitute ineffective assistance of counsel where no evidence whatsoever exists to indicate L-methamphetamine was involved. McMullen, Slip.Op. at 14014-15. Nothing in Noble's briefs or the record indicates that her case is distinguishable from McMullen.
 
 IV.
 
 8
 Noble argues, without citation to authority, that her attorney "should have" raised the imperfect-entrapment issue in the "ordinary course of professional responsibility." Appellant's Opening Br. at 12-13. Nobel's trial counsel made numerous strategic decisions. Her attorney brought a motion for a new trial alleging prosecutorial misconduct. He presented objections to the presentence report and thereby advocated for a lower sentence based on Noble's alleged minimal role in the conspiracy. Noble's counsel also moved for a downward departure in sentencing based on the aberrant nature of her involvement in the five-day conspiracy compared to her 52 years with no criminal record. E.R. 13, 15, 25-27; S.E.R. 31, 36-38; Appellee's Br. at 18-20.
 
 
 9
 The district court consistently indicated that it was rejecting the minimal-participant and entrapment arguments presented by Noble's counsel. The court observed that Noble could easily have avoided involvement in the criminal activity by simply deeding the property to be exchanged for ephedrine to Nash directly. E.R. 18-19, 23, 26. The court's rejection of Noble's attorney's arguments regarding minimal participation and aberrant behavior strongly suggests a motion for downward departure based on imperfect entrapment would have been denied. Counsel are not required to raise every feasible defense. Engle v. Isaac, 456 U.S. 107, 134 (1982). Given the multiple motions and arguments that were presented by Noble's counsel at sentencing, she has failed to establish her attorney's conduct was objectively unreasonable under the teachings of Strickland v. Washington, 466 U.S. 668, 690 (1984) ("[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.").
 
 
 10
 We have considered all arguments advanced by the parties and conclude that no further discussion is necessary.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3