108 F.3d 1386
 79 A.F.T.R.2d 97-1622
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frank John Baptist BAGLEY, Defendant-Appellant.
 No. 95-35803.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 3, 1997.*
Decided March 7, 1997.
 
 Before: WRIGHT, WALLACE and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank John Baptist Bagley appeals pro se the denial of his 28 U.S.C. § 2255 motion challenging his jury conviction for conspiracy, mail fraud, equity skimming, and willful failure to file an income tax return. Bagley contends that he received ineffective assistance of counsel, that the district court improperly calculated restitution, and that the district court improperly denied him an evidentiary hearing, appointed counsel, and copies of various transcripts. We affirm.
 
 
 3
 Bagley alleges two bases for his ineffective assistance of counsel claim: first, that counsel should have argued that Bagley relied solely on his bookkeeper (his wife) to file tax returns; and, second, that counsel failed to provide Bagley with sufficient time to review the presentence report ("PSR").
 
 
 4
 We are guided by a "strong presumption" that counsel's strategy and tactics fell within the wide range of reasonable professional assistance. Strickland v. Washington, 466 U.S. 668, 689 (1984). We think it apparent that Bagley's counsel made a tactical decision to focus his defense on the 22 counts of mail fraud, conspiracy, and equity skimming, and not on the lone count of failure to file a tax return. Such a decision did not deprive Bagley of the effective assistance of counsel.
 
 
 5
 In addition, Bagley's assertion of ineffective assistance on the tax return count contradicts his statements before the district court during sentencing, at which time he said, "I think the testimony brought forward in this trial clearly shows that my wife and I were both equal partners." Bagley suffered no prejudice from counsel's decision to focus on the other counts. See id. at 691.
 
 
 6
 Bagley also alleges ineffective assistance because he had insufficient time to review the PSR prior to sentencing. Trial counsel, however, successfully argued for a significant reduction in restitution, the only issue that Bagley raises regarding his PSR. Bagley has therefore not shown any prejudice. The district court properly found that Bagley received effective assistance of counsel.
 
 
 7
 Bagley waived any challenge to the amount of restitution he must pay by his failure to raise the claim on direct appeal. See United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1994).
 
 
 8
 The motions, files, and record of the case conclusively show that Bagley is not entitled to relief, and the district court correctly denied Bagley an evidentiary hearing. See 28 U.S.C. § 2255; Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994). Similarly, the district court did not err by denying Bagley's request for counsel, as his claims were neither complex nor likely to succeed. See 18 U.S.C. § 3006A(a)(2)(B); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.1983). Lastly, the district court correctly denied Bagley's request for transcripts, which were unnecessary to decide his claim. See 28 U.S.C. § 753(f).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3