112 F.3d 518
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dante Lamont LOFTON, Defendant-Appellant.
 No. 96-10239.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 23, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dante Lamont Lofton, a federal prisoner, appeals pro se the district court's denial of his motion to modify imprisonment under 18 U.S.C. § 3582(c)(2). Lofton contends that the district court erred by: (1) considering expunged prior convictions when computing his criminal history category; and (2) failing to consider mitigating circumstances.
 
 
 3
 As the district court properly concluded, these are issues to be raised in a motion under 28 U.S.C. § 2255. However, "nonconstitutional sentencing errors that have not been raised on direct appeal have been waived and generally may not be reviewed by way of 28 U.S.C. § 2255." See United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1995).
 
 
 4
 Moreover, Lofton presents no evidence that his prior convictions were set aside or expunged, nor does he provide any mitigating circumstances that would justify a downward departure.
 
 
 5
 Accordingly, we affirm the district court's order.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal Lofton also contends that the district court erred by engaging in double counting by sentencing him under Criminal History Category V based on prior convictions that were also used to enhance his offense level. We do not address this issue because it was raised for the first time in Lofton's traverse, filed after the district court issued its order. See United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993); see also Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.1994) (cannot raise additional grounds for relief in traverse)