122 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Allen PETERSON, Defendant-Appellant.
 No. 96-16108.
 United States Court of Appeals, Ninth Circuit.
 Decided Aug. 28, 1997.
Submitted Aug. 25, 1997.**
 
 Appeal from the United States District Court for the Eastern District of California Lawrence K. Karlton, Chief Judge, Presiding
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Michael Allen Peterson, a federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his conviction of mail fraud, wire fraud, money laundering, interstate transportation of stolen property, and obstruction of justice. Peterson contends that he received ineffective assistance of counsel and that the trial court committed a variety of errors. We have jurisdiction under 28 U.S.C. §§ 1291, 2253. We review de nova, see United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we affirm.
 
 I. Ineffective Assistance of Counsel
 
 3
 Peterson contends that his trial counsel rendered ineffective assistance by (1) rejecting a pre-trial plea offer without discussing it with Peterson, (2) not moving for a mistrial based on juror misconduct, (3) not moving to sever Peterson's trial from his co-defendant's trial, and (4) not moving for acquittal due to insufficient evidence. We disagree.
 
 
 4
 In assessing an ineffectiveness of counsel claim, we must determine "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. 668, 690 (1984). To prevail on an ineffective assistance of counsel claim, Peterson must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and there is a reasonable probability that, but for his counsel's deficiency, the result of his trial would have been different. See id. at 694-95.
 
 A. Plea Offer
 
 5
 While an attorney's failure to communicate a plea offer to his client constitutes ineffective assistance of counsel, see United States v. Blaylock, 20 F.3d 1458, 1466 (9th Cir.1994), here there are uncontroverted declarations from the prosecutor and defense counsel that the government never extended a plea offer to Peterson. Because there was never a plea offer to communicate to Peterson, his counsel's performance could not have fallen below any objective standard of reasonableness. See Strickland, 466 U.S. at 690.
 
 B. Juror Misconduct
 
 6
 On two separate occasions Peterson spoke with jurors.
 
 
 7
 Peterson's counsel knew the substance of both conversations and believed they had not harmed, and may have helped, Peterson's case. His counsel believed that moving for a mistrial, or requesting an evidentiary hearing, could have alienated jurors. Peterson's counsel's tactical decisions did not fall below any objective standard of reasonableness. See id.
 
 C. Motion to Sever
 
 8
 Because Peterson and his co-defendant, Joseph Rose, were jointly charged and indicted for a common scheme to defraud, their trials would be severed only if there was a serious risk that a joint trial would compromise a specific trial right of one of the defendants. See Zafiro v. United States, 506 U.S. 534, 539 (1993); see also United States v. Adler, 879 F.2d 491, 497 (9th Cir.1988) (explaining that demonstrating a comparative advantage in separate trials, absent a showing of manifest prejudice, does not entitle a co-conspirator to severance). Peterson's counsel's failure to make a severance motion, that was likely to be denied, did not. fall below any objective standard of reasonableness. See Strickland, 466 U.S. at 690.
 
 D. Insufficient Evidence
 
 9
 Peterson alleged that, on the eight counts of money laundering, the government failed to prove that he knew the transaction was designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds. The money laundering crime with which Peterson was charged and convicted does not require an intent to conceal the proceeds, but merely requires that the defendant have an "intent to promote the carrying on of specified unlawful activity." See 18 U.S.C. § 1956(a)(1)(A)(i); see also United States v. Montoya, 945 F.2d 1068, 1076 (9th Cir.1991). Sufficient evidence established that Peterson intended to "promote the carrying on" of an unlawful activity under § 1956(a)(1)(A)(i). Consequently, Peterson's counsel's failure to move for an acquittal due to insufficient evidence did not have an effect on the outcome of the trial. See Strickland, 466 U.S. at 694-95.
 
 II. Trial Court Errors
 
 10
 Peterson contends that the trial court erred by (1) not interrogating jurors about possible misconduct, (2) admitting character evidence, (3) failing to state its reasons for sentencing, and (4) demonstrating bias against Peterson. We disagree.
 
 A. Juror Misconduct
 
 11
 Peterson's contention that the trial court erred by not interrogating jurors about possible misconduct fails. We agree with the district court that Peterson's minimal contact with the jurors did not amount to juror misconduct. It was highly unlikely that either of Peterson's brief conversations affected the jury's impartiality. See United States v. Armstrong, 654 F.2d 1328, 1332-33 (9th Cir.1981) (noting that not all instances of juror misconduct require reversal).
 
 B. Character Evidence
 
 12
 Peterson's contention that the trial court erred by admitting character evidence also fails. This claim is not cognizable under § 2255 as it does not constitute "a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979). Moreover, we agree with the district court that this testimony was admitted not as character evidence, but because of the prior line of questioning. See Fed.R.Evid. 404(a).
 
 C. Failure to State Reasons for Sentence
 
 13
 Peterson's contention that the trial court erred by failing to state its reasons for sentencing also fails. Because he failed to raise this claim on direct appeal, Peterson has waived it. See United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1995) (holding that "nonconstitutional sentencing errors that have not been raised on direct appeal have been waived and generally may not be reviewed by way of 28 U.S.C. § 2255). Moreover, the trial court did state its reasons for sentencing in compliance with 18 U.S.C. § 3553(c)(1).
 
 D. Fair Trial
 
 14
 Peterson's contention that the trial court erred by demonstrating bias against him also fails. During the trial there were three instances, Peterson alleged, when the trial judge's comments evidenced hostility toward him. The judge (1) suggested that the prosecutor object to a line of questioning, (2) asked a witness what if any conversations he had with Peterson, and (3) said that he wanted the record to state, when the case goes to the court of appeals, that both defense counsel were laughing. Three comments, from a 20-volume trial transcript spanning 3,412 pages, do not establish a pattern of unfairness, and we agree with the district court that none of these comments evidence hostility. See Delaware v. Van Arsdall, 475 U.S. 673, 681 (1986) (noting that, while the constitution entitles a criminal defendant to a fair trial, it does not guarantee a perfect trial).[1]
 
 III. Evidentiary Hearing
 
 15
 Peterson contends that the district court abused its discretion by not holding an evidentiary hearing. We disagree.
 
 
 16
 Because Peterson has not alleged facts regarding ineffective assistance of counsel or trial court error that, if proven, would entitle him to relief, the district court did not abuse its discretion by denying an evidentiary hearing on Peterson's claims. See Strickland, 466 U.S. at 690, 694-95; Watt v. United States, 841 F.2d 275, 278 (9th Cir.1988) (per curiam); see also Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991).
 
 
 17
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 To the extent Peterson contends that his appellate counsel was ineffective for failing to raise the previous four claims, this claim fails. See Morrison v. Estelle, 981 F.2d 425, 427-28 (9th Cir.1992) (holding that counsel's failure to raise an issue on appeal does not constitute ineffective assistance of counsel if counsel had no reasonable likelihood of success in arguing the issue)