122 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Covialeska Lavert THOMAS, Defendant-Appellant.
 No. 96-56372.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997.**
Decided Sept. 5, 1997.
 
 Appeal from the United States District Court for the Central District of California, Nos. CV-96-01462-HLH, CR-93-01073-HLH; Harry L. Hupp, District Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Covialeska Lavert Thomas, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence for armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). Thomas contends that: (1) the district court impermissibly double-counted his use of a firearm at sentencing; and (2) his counsel was ineffective for failing to object to or appeal the sentencing error, and misinforming him of the terms of his plea agreement.
 
 
 3
 We review de novo a district court's decision on a section 2255 motion. See Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 A. Sentencing Guidelines
 
 4
 Thomas contends that the district court impermissibly double-counted the same conduct by imposing an enhancement for use of a firearm pursuant to U.S.S.G. § 2B3.1, and also imposing a consecutive 60-month sentence pursuant to 18 U.S.C. § 924(c).
 
 
 5
 Because Thomas failed to challenge the district court's application of the Sentencing Guidelines on direct appeal he has waived this claim. See Schlesinger v. United States, 49 F.3d 483, 485 (9th Cir.1994) (nonconstitutional sentencing errors not raised on direct appeal are waived and may not be reviewed by section 2255 motion).
 
 B. Ineffective Assistance of Counsel
 
 6
 Thomas contends that counsel was ineffective for failing to object to the sentencing calculation at sentencing or to challenge the miscalculation on appeal. We disagree.
 
 
 7
 To prevail on a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that this prejudiced his case. See Strickland v. Washington, 466 U.S. 668, 688 (1984). To satisfy the prejudice requirement, the defendant must demonstrate a reasonable probability, that but for counsel's errors, the result of the proceeding would have been different. See id. at 687-88. If it is possible to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, we may do so without examining the performance prong. See id. at 697.
 
 
 8
 Here, the two enhancements were applied to two different counts of bank robbery. The calculation for count eight included a six-level increase under U.S.S.G. § 2B3.1 because Thomas used a firearm while committing the bank robbery. The enhancement for count two did not include an enhancement for use of a firearm during that different robbery because in count three Thomas was charged with possession or use of a firearm pursuant to 18 U.S.C. § 924(c). Because both enhancements were properly applied, Thomas cannot show that counsel's failure to object to the calculation was deficient. See Strickland, 466 U.S. at 687. Moreover, Thomas cannot show that he suffered prejudice from counsel's failure to challenge the sentence on appeal. See id.; see also Shah v. United States, 878 F.2d 1156, 1162 (9th Cir.1989) (failure to raise a meritless legal argument does not constitute ineffective assistance of counsel).
 
 
 9
 Thomas also argues that his counsel misinformed him of the terms of his plea agreement. Because Thomas did not raise this argument in district court, we decline to consider it on appeal. See United States v. Keller, 902 F.2d 1391, 1395 (9th Cir.1990).
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Thomas's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3