125 F.3d 859
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas FALCON, Defendant-Appellant.
 No. 96-56245.
 United States Court of Appeals, Ninth Circuit.
 Submitted October 7, 1997**
Filed Oct. 9, 1997.
 
 Appeal from the United States District Court for the Central District of California, D.C. No. CV-95-03526-RG; Richard A. Gadbois, District Judge, Presiding.
 Before O'SCANNLAIN, FERNANDEZ and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Thomas Falcon appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence. Falcon entered a guilty plea for making false statements on a loan application in violation of 18 U.S.C. § 1014. Falcon contends that the district court erred in applying U.S.S.G. § 2F1.1 and that his defense counsel was ineffective for failing to request an evidentiary hearing and failing to request a departure under the proper guideline. We review de novo a district court's denial of a 28 U.S.C. § 2255 motion.
 
 
 3
 Falcon contends that the district court erred in determining the actual loss suffered by the victim pursuant to U.S.S.G. § 2F1.1. Falcon did not challenge the district court's application of the Sentencing Guidelines on direct appeal. Because Falcon failed to challenge the district court's application of the Sentencing Guidelines on direct appeal he has waived this claim. See United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1994) (nonconstitutional sentencing errors not raised on direct appeal are waived and may not be reviewed by section 2255 motion).
 
 
 4
 Falcon also claims that his counsel was ineffective for failing to: (1) request an evidentiary hearing to accurately determine the amount of loss suffered by the victim; and (2) request a departure under U.S.S.G. § 2F1.1 rather than U.S.S.G. § 5K2.0. To prevail on a claim of ineffective assistance of counsel, a defendant must show both that his counsel's performance was deficient and that this prejudiced his case. Strickland v. Washington, 466 U.S. 668, 688 (1984).
 
 
 5
 Counsel's failure to request an evidentiary hearing did not constitute deficient performance because all issues relating to loss were addressed in briefs and at the sentencing hearing. Additionally, Falcon was not prejudiced by the lack of an evidentiary hearing because the district court properly calculated the amount of loss suffered by the victim. Counsel's alleged failure to request a departure under U.S.S.G. § 2F1.1 rather than § 5K2.0 also did not prejudice Falcon because the district court did, in fact, grant a departure. Because Falcon failed to demonstrate that his counsel's performance was deficient and that such deficiency prejudiced his case, the district court properly denied Falcon's 28 U.S.C. § 2255 motion.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3