**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Morris MESSINGER, Jr., Defendant— Appellant.**

No. 02–35411.

D.C. Nos. CV–01–01066–BJR, CR–98–00204–BJR.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2004.*

Decided Feb. 23, 2004.

Morris Messinger, Jr., pro se, Waseca, MN, for Petitioner–Appellant.

Robert Henry Westinghouse, Jeffrey B. Coopersmith, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, for Respondent–Appellee.

Before FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

MEMORANDUM**

Morris Messinger, Jr. appeals pro se the district court's denial of his 28 U.S.C.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

§ 2255 motion challenging the 120–month sentence imposed after his jury-trial conviction for mail fraud, in violation of 18 U.S.C. § 1341, selling unregistered securities through the mail, in violation of 15 U.S.C. § 77e, securities fraud, in violation of 15 U.S.C. § 77q, and engaging in unlawful monetary transactions, in violation of 18 U.S.C. § 1957. We have jurisdiction under 28 U.S.C. § 2253, we review de novo, *United States v. Chacon–Palomares,* 208 F.3d 1157, 1158 (9th Cir.2000), and we affirm.

Messinger contends that he was improperly sentenced based on an amount of loss which was not pleaded and proved beyond a reasonable doubt. In making this argument, Messinger claims that the amount of loss is an element of his crime and therefore must be submitted to a jury and found beyond a reasonable doubt. This claim has no merit. The amount of loss is not an element of any of the numerous statutes under which Messinger was convicted. *See* 18 U.S.C. §§ 1341 and 1957(a); 15 U.S.C. §§ 77e and 77q. Even if loss amount were an element of any of his crimes, his sentence of 120 months is well within the combined statutory maximum of 100 years. *See United States v. Buckland,* 289 F.3d 558, 570 (9th Cir.2002) (stating that sentence stacking is a valid practice when there are multiple counts of conviction); *see also United States v. Jordan,* 256 F.3d 922, 934 (9th Cir.2001) (stating that a statutory maximum sentence is not constrained by the Sentencing Guidelines).

Messinger also contends that his trial attorney rendered ineffective assistance by not calling particular witnesses. Because Messinger cannot show a reasonable probability that the testimony would have changed the result of his trial, the district court properly rejected this contention. *See Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

We do not reach Messinger's remaining contentions, which were either not included in his section 2255 motion, not cognizable on collateral review, or not certified for appeal. *See United States v. Allen,* 157 F.3d 661, 667 (9th Cir.1998); *see also United States v. Schlesinger,* 49 F.3d 483, 485 (9th Cir.1994).

**AFFIRMED.**