FILED

**NOT FOR PUBLICATION**

JAN 06 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10490 |
| Plaintiff - Appellee, | D.C. No. 1:01-cr-00078-DAE |
| v. | |
| GARY WAYNE RODRIGUES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Submitted December 15, 2009[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

   Gary Wayne Rodrigues appeals pro se from the district court's order

granting the government's motion to disburse funds.  We have jurisdiction

pursuant to 28 U.S.C. § 1291, and we affirm.

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

JC/Research

Rodrigues contends the district court erred by granting the government's motion to disburse funds because, in affirming his sentence after this court remanded under *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc), the district court stated that any payment plan while in custody was an issue for the Bureau of Prisons ("BOP"). The district court's order on remand did not address the parties' stipulation regarding payment and, although the BOP has determined that Rodrigues would pay $25.00 quarterly to satisfy his remaining obligations, the BOP's payment plan did not override the parties' stipulated agreement or the judgment's requirement that he pay the fine and restitution immediately. *See, e.g., United States v. Lemoine*, 546 F.3d 1042, 1046 (9th Cir. 2008) (explaining that district court is required to set restitution payment schedule and that inmate may voluntarily make larger and more frequent payments than what was set by the district court). Therefore, the district court did not err by granting the government's motion to disburse funds.

To the extent Rodrigues raises additional arguments for the first time in this appeal, those are waived. *See Ritchie v. United States*, 451 F.3d 1019, 1026 n.12 (9th Cir. 2006); *United States v. Schlesinger*, 49 F.3d 483, 486 (9th Cir. 1994).

**AFFIRMED.**