**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Jimmy Lugo PEREZ, Defendant–
Appellant.**

**No. 91–8231
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 7, 1992.

Jimmy Lugo Perez, pro se.

LeRoy M. Jahn, Asst. U.S. Atty., Ronald F. Ederer, U.S. Atty., San Antonio, Tex., Mark H. Marshall, Asst. U.S. Atty., Austin, Tex., for plaintiff-appellee.

Before POLITZ, Chief Judge, and KING and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

Jimmy Lugo Perez appeals the district court's denial of relief under 28 U.S.C. § 2255. Finding no error, we affirm.

I.

In May 1989, a three-count indictment was returned against Perez. Pursuant to a plea agreement, the government agreed to, and did, dismiss counts one and two of the indictment. Perez then plead guilty to, and was convicted of, count three—possessing with the intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1). At the September 1989 sentencing hearing, the only objection Perez made to the recommendations of the pre-sentence investigation report was that he should receive credit for having accepted responsibility. The district court overruled this objection, sentenced Perez to serve seventy-eight months, followed by a five-year term of supervised release, and fined him $12,500. The court entered judgment September 29, 1989. Perez did not directly appeal.

In August 1990, Perez filed a 28 U.S.C. § 2255 motion to vacate his sentence. He alleged: (1) the court erred by failing to reduce his offense level because he accepted responsibility; (2) the court erred by failing to reduce his offense level because he was a minor or minimal participant in the offense; and (3) the court failed to make findings relative to these sentencing factors. The United States magistrate judge filed a report recommending denial of § 2255 relief, to which Perez filed objections. After de novo review, the district court adopted the report of the magistrate judge and denied Perez's motion to vacate. Perez filed a timely notice of appeal.

II.

Section 2255 provides recourse only "for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir.1981) (citation omitted); *see also United States v. Prince*, 868 F.2d 1379, 1382 (5th Cir.), *cert. denied*, 493 U.S. 932, 110 S.Ct. 321, 107 L.Ed.2d 312 (1989). In his appellate brief, Perez does not make any constitutional argument or suggest any reason why affirmance of the district court's denial of relief may result in a miscarriage of justice. His contentions could have been raised on direct appeal. Accordingly, Perez's claims that he was

entitled to credit for acceptance of responsibility and because he was a minor or minimal participant do not constitute grounds for § 2255 relief.

Perez contends also that he is entitled to relief because the sentencing court failed to make the proper findings in support of the denial of sentence reduction, arguing that such findings are required by Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure. Alleged violations of this rule do not constitute grounds for § 2255 relief if, as in this case, they could have been raised on direct appeal. *See United States v. Weintraub*, 871 F.2d 1257, 1265–66 (5th Cir.1989); *Prince*, 868 F.2d at 1386.

### III.

For the foregoing reasons, we AFFIRM.