UNITED STATES of America,

v.

Phill J. ROWLAND, Defendant.

Action No. 2:94cv72.
Original Crim. No. 92–140–N.

United States District Court,
E.D. Virginia,
Norfolk Division.

April 7, 1994.

James A. Metcalfe, Asst. U.S. Atty., Norfolk, VA, for U.S.

Phill J. Rowland, pro se.

## MEMORANDUM OPINION AND FINAL ORDER

REBECCA BEACH SMITH, District Judge.

### I. Facts and Procedural History

On August 12, 1992, petitioner, Phill J. Rowland, defendant, was charged in a six count indictment with conspiracy to transport stolen property in interstate commerce, in violation of 18 U.S.C. § 371, and transportation of stolen property in interstate commerce, in violation of 18 U.S.C. § 2314. He was arraigned on August 26, 1992 and trial was scheduled for October 13, 1992, the Tuesday following the Columbus Day holiday.

On Friday, October 8, 1992, defendant appeared with counsel, Franklin A. Swartz, and pled guilty to all six counts of the indictment. However, there was no plea agreement because defendant wished to preserve his right to appeal his sentence. Defendant was sentenced on January 21, 1993.

At the sentencing, defendant objected to 1) the probation officer's recommendation of a four level enhancement, under Guidelines

section 2B1.2(b)(4)(A), because defendant was a person in the business of receiving and selling stolen property; 2) the probation officer's valuation of the loss at $148,133; 3) the denial of an additional one point reduction for acceptance of responsibility; and 4) statements in the presentence report regarding his involvement in dealing drugs.[1] This court took evidence on the objections, heard argument, and sentenced defendant, in accordance with the Federal Sentencing Guidelines ("Guidelines"), to 24 months imprisonment together with restitution in the amount of $97,119. No appeal was filed by either defendant or the government.

On January 14, 1994, defendant filed a motion to vacate or set aside his sentence under 28 U.S.C. § 2255. The government responded to the motion on March 21, 1994.

Defendant claims that this court erred in applying the Guidelines when calculating his sentence. He alleges that the court erred in its determination of loss, should have granted him an additional one-point reduction for acceptance of responsibility, erred in awarding a four-point enhancement for being in the business of receiving and selling stolen property, and failed to make sufficient findings under 18 U.S.C. §§ 3663 and 3664 to sustain restitution. Def.'s Mot. at 3–5. Although defendant raised the first three of his objections at the sentencing proceeding, he made no objection to the order of restitution. Furthermore, as noted above, defendant did not appeal his sentence.

In deciding a section 2255 motion, the court need not hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief...." 28 U.S.C. § 2255;

see *United States v. Samuelson,* 722 F.2d 425, 427 (8th Cir.1983). Given the record and the briefs filed in this case, and for the reasons articulated below, the court concludes that defendant clearly is not entitled to any relief and finds no need to hold an evidentiary hearing.

## II. Failure to Appeal

◼ Defendant alleges that the court improperly applied the Guidelines in calculating his sentence and failed to make certain findings before ordering restitution. Such claims clearly are nonconstitutional in nature. *United States v. Vaughan,* 955 F.2d 367, 368 (5th Cir.1992) (holding that a district court's technical application of the Guidelines does not give rise to a constitutional issue). Defendant could have raised each of the grounds he asserts in this petition on direct appeal, but he failed to do so. Nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings. *Sunal v. Large,* 332 U.S. 174, 182–83, 67 S.Ct. 1588, 1593, 91 L.Ed. 1982 (1947) (holding that, absent exceptional circumstances, defendants may not use collateral relief as a substitute for appeal); *United States v. Emanuel,* 869 F.2d 795, 796 (4th Cir.1989) (holding that claim that sentencing court did not comply with Federal Rule of Civil Procedure 32 was waived when not raised on appeal); *McKnight v. United States,* 507 F.2d 1034 (5th Cir.1975) (section 2255 court may deny relief to a federal prisoner who has deliberately bypassed appeal) (citing *Kaufman v. United States,* 394 U.S. 217, 227 n. 8, 89 S.Ct. 1068, 1074 n. 8, 22 L.Ed.2d 227 (1969)).[2] Because defendant failed to seek review of his claims on direct appeal, he has waived

1. Defendant does not raise this issue in his § 2255 motion.

2. It is unclear, following the Supreme Court's decision in *United States v. Frady,* 456 U.S. 152, 162–69, 102 S.Ct. 1584, 1591–95, 71 L.Ed.2d 816 (1982), whether the "cause and prejudice" standard, clearly applicable to errors to which no contemporaneous objection was made, also applies to nonconstitutional, nonjurisdictional claims not raised on appeal. *See Brennan v. United States,* 867 F.2d 111, 120 (2d Cir.); *cert. denied* 490 U.S. 1022, 109 S.Ct. 1750, 104 L.Ed.2d 187 (1989) (adhering to the "traditional

rule" that nonconstitutional claims generally are "procedurally foreclosed to a section 2255 petitioner if not raised on direct appeal"); *accord Bontkowski v. United States,* 850 F.2d 306, 313 (7th Cir.1988) (cause and prejudice standard applies only to *constitutional* issues). The Fourth Circuit apparently adheres to the traditional rule. *Emanuel,* 869 F.2d at 796. However, even if the cause and prejudice standard applied in the case *sub judice,* defendant's claims would fail. Defendant has advanced no explanation for his failure to appeal and, thus, has not shown cause for his procedural default.

them and this court will not consider them now on a section 2255 motion. Defendant is "not being held 'in violation of the ... laws of the United States.'" *Emanuel*, 869 F.2d at 796 (quoting 28 U.S.C. § 2255).

### III. Grounds for 2255 Petition

■ Even if this court felt compelled to review defendant's claims or irregularity in the sentencing procedure, no grounds for relief exist. In a section 2255 collateral challenge, a petitioner is required to show "a good deal more than would be sufficient on a direct appeal from his sentence." *United States v. Pollard*, 959 F.2d 1011, 1020 (D.C.Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 322, 121 L.Ed.2d 242 (1992). Generally, claimed errors of federal law are cognizable on collateral attack by a section 2255 motion only if they amount to "fundamental defect[s] which inherently result[ ] in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1974). Nonconstitutional errors must present "exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent." *Id.; see United States v. Biberfeld*, 957 F.2d 98, 102 (3d Cir.1992) (sentencing court's error of fact provides basis for section 2255 relief only if the error constituted a fundamental defect); *United States v. Perez*, 952 F.2d 908, 909–10 (5th Cir.1992) (district court's failure to decrease sentence for acceptance of responsibility or to make proper findings in support of such denial were not fundamental defects subject to section 2255 review).

■ The errors defendant contends entitle him to relief on his petition simply do not rise to the level of "fundamental defects" resulting in "a complete miscarriage of justice" and, therefore, are not cognizable in a section 2255 action. Several courts have held that sentences within the statutory limits are insulated from section 2255 review. *United States v. Fernandez*, 941 F.2d 1488, 1494 (11th Cir.1991); *Vaughan*, 955 F.2d at 368; *United States v. Patterson*, 739 F.2d 191, 196 (5th Cir.1984) (pre-Guidelines case). Defendant's sentence was well within the statutory maximum and it is difficult to imagine how the claimed errors resulted in a miscarriage of justice. A review of each of defendant's grounds for relief reveals that his contentions lack merit.

### A. Determination of Loss

Defendant claims that the court erred in its determination of loss under Guidelines section 2B1.1(b)(2), rejecting the testimony of a witness for defendant, and accepting the probation officer's analysis. This error, defendant claims, resulted in a two-point increase in his offense level. The gist of defendant's complaint is that the court should have relied on his expert's method of valuing the stolen equipment. He contends that the probation officer's valuation method was inherently unreliable because based on "double heresay [sic]" and "clairvoyance testimony." Def.'s Mot. at 3, ¶ 3.

■ Application note 2 to section 2B1.1 states that loss is ordinarily measured by the fair market value of the property at issue. United States Sentencing Commission, *Guidelines Manual*, § 2B1.1, comment. (n. 2) (Nov. 1992). Furthermore, application note 3 to the same section notes that "loss need not be determined with precision, and may be inferred from any reasonably reliable information available." *Id.*, comment. (n. 3). The court heard testimony from the probation officer and from defendant's witness on the value of the stolen equipment. That the court rejected the testimony of defendant's witness and accepted that of the probation officer is not a ground for relief. It is the court's job, as factfinder, to judge of the credibility of the witnesses.[3] *See United States v. Saunders*, 886 F.2d 56, 60 (4th Cir.1989). A review of the probation officer's

---

3. Furthermore, the court based its finding that Mr. Mellott was not a credible witness upon specific testimony, not for reasons "not apparent from the record," as defendant claims. The witness refused to state definitively that he would sell a piece of equipment for the auction guide price, the price at which he claimed the equipment should be valued. Tr. at 35–38. Indeed, from his testimony it was apparent that he sold used equipment for more than the auction guide amounts. Tr. at 36–37; 49. Moreover, Mr. Mellott never testified that other guides "overstated the value of the equipment." Def.'s Mot. at 3, ¶ 2.

testimony at the sentencing hearing reveals that her valuation of·the stolen backhoes was "reasonably reliable." Tr. at 5–21.[4]

■ Moreover, even accepting that the court should have used the method of valuation advanced by defendant's expert, defendant's sentence would not have been affected. Using the *lowest* figures provided by Mr. Mellott, the loss still would have been over $70,000. Thus, defendant would have been entitled to a one-point reduction in his offense level, not the two-point reduction he claims in his petition. Defendant's sentence range would have been 21–27 months rather than 24–30 months. Because he was· sentenced to 24 months imprisonment, well within the lower range, defendant suffered absolutely no harm from the court's supposed error in valuation.

## B. Acceptance. of Responsibility

■ Defendant argues that he was entitled to a three-point reduction for acceptance of responsibility, rather than the two-point reduction he received. His argument is based upon the following facts: 1) he pled guilty four days before trial, 2) the government was able to call off its witnesses, 3) no jurors were inconvenienced, and 4) the United States Assistant Attorney was preoccupied. Def.'s Mot. at 4, ¶ 2. Furthermore, defendant apparently contends that he did not plead guilty earlier because his attorneys were concerned about a provision in the plea agreement waiving his right to appeal the sentence. *Id.* at 4, ¶ 1.

Section 3E1.1, Acceptance of Responsibility, provides an additional one level decrease in the offense level if:

the defendant has assisted authorities in the investigation or prosecution of his own misconduct. by taking one or. more of the following steps:

(1) timely providing complete information to the government concerning his own involvement in the offense; or

(2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently.

U.S.S.G. § 3E1.1(b). Defendant does not contend that subsection one applies in his case; rather, his argument focuses on subsection two. The application notes to this section provide that "[i]n general, the conduct qualifying for a decrease in offense level under subsection (b)(1) or (b)(2) will occur *particularly early in the case.*" U.S.S.G. § 3E1.1, comment. (n. 6) (emphasis added).

In the case *sub judice*, the court determined that defendant pled guilty too late to qualify for the extra ·point reduction. The government was forced to subpoena its witnesses and make preparations for their transportation to and lodging in the area; the court was forced to shuffle its calendar in order to set the case for trial. Tr. at 97–99. Furthermore, defendant's claim that he pled guilty "four or five days before trial" is misleading. Defendant pled guilty on Friday, October 8, 1992, and trial was set for Tuesday, October 12, 1992. The intervening Monday, October 11, 1992, was a federal holiday. Tr. at 98. Defendant's plea, therefore, came only one working day before trial, not "particularly early" in the case.[5]

■ As the application notes make clear, a defendant who pleads guilty is not entitled to an adjustment for acceptance of responsibility as a matter of right. U.S.S.G. § 3E1.1, comment. (n. 3). Moreover, "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility" and the judge's determination is entitled to great deference ·on review. *Id.,* comment. (n. 5). This court's decision to deny defendant an additional one-point reduction for acceptance of responsibility was based on sound reason-

---

4. Furthermore, the court, in sentencing a defendant, is entitled to rely on hearsay statements. *United States v. Terry,* 916 F.2d 157, 161 (4th Cir.1990).

5. Defendant's contention that his guilty plea was late due to his attorney's concerns about the waiver of appeal simply does not provide an excuse. Defendant has not asserted that his counsel was ineffective and this court must assume that his attorney acted in defendant's best interests in delaying the plea.

ing and hardly constitutes the type of fundamental error cognizable in a section 2255 petition.

### C. In the Business Enhancement

■ Defendant next claims that the court improperly enhanced his sentence by classifying him as a person in the business of receiving and selling stolen property under section 2B1.2(b)(4)(A).[6] Def.'s Mot. at 5, ¶ 1. He contends that he cannot be considered a person in the business of selling and receiving stolen property that he himself was accused of stealing. *Id.* Furthermore, he claims, the enhancement is only proper if he can be considered a professional fence. *Id.* The commentary to section 2B1.2 is silent with respect to subsection (b)(4)(A) and no Fourth Circuit decision interprets this particular section. Other circuits considering the "in-the-business" enhancement have reached different conclusions as to what type of activity justifies an enhancement. *Compare United States v. Connor,* 950 F.2d 1267, 1275 (7th Cir.1991) (enhancement applies only to those who have previously engaged in significant illegal conduct similar to the instant offense) *with United States v. Esquivel,* 919 F.2d 957, 961 (5th Cir.1990) (finding that defendant previously engaged in fencing activities not a prerequisite to enhancement).

However, as this court noted at the sentencing hearing, defendant's activity falls within even the most conservative interpretation of the "in the business" enhancement. Tr. at 148. In arguing that he cannot receive the section 2B1.2(b)(4)(A) enhancement for being in the business because he pled guilty to stealing the property at issue, defendant relies on *United States v. Braslawsky,* 913 F.2d 466, 468 (7th Cir.1990). However, the factual differences between this case and *Braslawsky* convince this court that an "in-the-business" enhancement is warranted here. Unlike Braslawsky, defendant was not directly involved in stealing the equipment. Instead, he received the equipment from those who stole it and located others who would sell it. Indeed, defendant characterized himself as "a conduit between those who stole the equipment and those who arranged for [sale of] or purchased the equipment." P.S.I. at 7, ¶ 25. Such a characterization clearly is consistent with a person in the business of receiving and selling stolen property.

Defendant's second ground for objecting to application of the enhancement is that he was not a professional at buying and selling stolen merchandise. Def.'s Mot. at 5, ¶ 1. He relies on *Connor,* where the Seventh Circuit held that the enhancement applies only to "those who have previously engaged in significant illegal conduct which is similar to the instant offense" because only they will be "in the business of receiving and selling stolen property." 950 F.2d at 1275. Defendant contends that there was no evidence that he was a professional fence. However, the court in *Connor* also stated that "the enhancement would apply to those who have not previously been convicted." *Id.*

In his statement to the probation officer, defendant admitted that the conspiracy to steal equipment was "up and running" before he got involved. P.S.I. at 7, ¶ 25. In other words, the operation was fairly sophisticated and defendant dealt, on a regular basis, in stolen property. *See United States v. St. Cyr,* 977 F.2d 698, 703 (1st Cir.1992) (most important factor is regularity of defendant's dealings in stolen property). This is not a situation involving the isolated theft of a single vehicle; instead, this case involved an operation set up to deal in stolen equipment. Tr. at 147–48. Clearly, the court was justified in increasing defendant's offense level by four for being a person in the business of receiving and selling stolen property.

### D. Restitution

■ Defendant's last complaint involves the court's order of restitution in the amount of $97,119. He contends that the court failed to make findings sufficient under 18 U.S.C. §§ 3663 and 3664 to sustain an order of restitution. Def.'s Mot. at 5, ¶ 2. The court notes first that defendant failed to

---

**6.** This section was deleted by consolidation with section 2B1.1 effective November 1, 1993, appearing now as section 2B1.1(b)(5)(B).

U.S.S.G., App. C, Amend. 481, at 303 (Nov. 1, 1993).

object at sentencing to the order of restitution. Tr. at 173. A prisoner may obtain collateral relief based on errors to which no contemporaneous objection was made only if he can show both (1) cause excusing his double procedural default, and (2) actual prejudice resulting from the errors of which he complains. *Frady,* 456 U.S. at 167–68, 102 S.Ct. at 1594. This standard presents a significantly higher hurdle than would exist on direct appeal. *Id.* at 166, 102 S.Ct. at 1593. Defendant has provided no reason for his failure to object at sentencing. Having objected at neither the sentencing hearing nor on direct appeal, defendant cannot assert his claim for the first time in a section 2255 petition.

 Second, even if this court ignored the fact that defendant failed to raise the issue of restitution at his sentencing hearing, and further failed to raise it on direct appeal, the alleged error still does not constitute a fundamental defect cognizable in a section 2255 petition. *See Pollard,* 959 F.2d at 1020 (failure to strictly follow dictates of Rule 11 not fundamental defect); *Perez,* 952 F.2d at 910 (failure to make findings under Rule 32(c)(3)(D) not fundamental defect). Defendant's nonconstitutional claims having failed to attain the status of fundamental defects resulting in a complete miscarriage of justice, his motion must be dismissed.

### IV. Conclusion

Defendant was sentenced to 24 months, a sentence well within the statutory maximum of provided by statute. Because defendant failed to appeal his sentence and because his claims simply cannot be characterized as fundamental defects resulting in a complete miscarriage of justice, and thus are not cognizable in a section 2255 motion, defendant's motion to vacate or set aside his sentence is DENIED.

Defendant is advised that he may appeal from this Memorandum Opinion and Final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510. The written notice of appeal must be received by the Clerk within thirty (30) days of the date of this Memorandum Opinion and Final Order and may be filed without the prepayment of costs or the giving of security therefor. Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts; Fed.R.App.P. 4(a).

The Clerk is DIRECTED to send a copy of this order to defendant and to the United States Attorney.

It is so ORDERED.