IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20320
Conference Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

LEONIDAS HERRERA,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CA-H-95-0964
(CR-H-93-0039-5)
- - - - - - - - - -
(October 19, 1995)

Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

     Leonidas Herrera appeals the district court's summary denial of his motion to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255.  He contends that the district court erred in denying a two-point reduction for acceptance of responsibility.  "A district court's technical application of the Guidelines does not give rise to a constitutional issue."  United States v.

---

     [*]     Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).  Thus, Herrera's contention that his offense level should have been reduced two additional levels for acceptance of responsibility is not cognizable in a § 2255 motion.  See United States v. Perez, 952 F.2d 908, 910 (5th Cir. 1992).

For the first time on appeal, Herrera contends that the district court violated his Fifth Amendment right against self-incrimination in that the court construed his exercise of his Fifth Amendment right as a failure to accept responsibility.  We need not address issues not considered by the district court.  "[I]ssues raised for the first time on appeal are not reviewable by this court unless they involve purely legal questions and failure to consider them would result in manifest injustice."  Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991) (internal quotation and citation omitted).  Failure to consider this issue would not result in manifest injustice.  We have rejected the argument that an earlier version of § 3E1.1 violated the defendant's right against self-incrimination by requiring the defendant to accept responsibility for uncharged criminal conduct.  United States v. Mourning, 914 F.2d 699, 707 (5th Cir. 1990) (superseded in other part by statute).

AFFIRMED.