Hector Hernandez **NEGRON,**
**Petitioner,**

v.

**UNITED STATES of America,**
**Respondent.**

No. CIV. 01–1973(HL).
No. CR. 96–035(HL).

United States District Court,
D. Puerto Rico.

Nov. 21, 2001.

Jury returned a two-count indictment against Hernandez and twenty-one other individuals, charging a conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) & 846 and aiding and abetting the distribution of controlled substances within 1,000 feet of a school in violation of 21 U.S.C. §§ 841(a)(1) & 860 and 18 U.S.C. § 2. After being found guilty by a jury, Hernandez was sentenced on August 17, 1998 to four-hundred and fifty (450) months imprisonment, in addition to other penalties.[1] Hernandez appealed, and on July 18, 2000, the First Circuit affirmed his conviction. *United States v. Gonzalez–Vazquez*, 219 F.3d 37 (1st Cir. 2000). Hernandez then filed the present petition on July 18, 2001.

## DISCUSSION

**1. Claim that the Government's Offer of a Package Plea Bargain Violated Petitioner's Constitutional Rights.**

Hernandez first claims that the government violated his constitutional rights by withdrawing its original plea offer and replacing it with a "package deal" plea that Hernandez could only accept if his two remaining co-defendants also pled guilty. This argument was presented to and rejected by the First Circuit in Hernandez's direct appeal. *United States v. Gonzalez–Vazquez*, 219 F.3d 37, 42 (1st Cir.2000). Issues presented and resolved by a prior appeal will not be reviewed again by way of a § 2255 motion. *Murchu v. U.S.*, 926 F.2d 50, 55 (1st Cir.1991); *Singleton v. U.S.*, 26 F.3d 233, 240 (1st Cir.1994). As this issue was fully litigated in Hernandez's direct appeal, the Court declines to review this argument and dismisses this claim.

Mauricio Hernandez–Arroyo, Law Offices of Athos Vega, Jr & Associates, Ponce, PR, for Hector Hernandez–Negron, plaintiff.

## OPINION AND ORDER

LAFFITTE, Chief Judge.

Before the Court is a petition for post-conviction relief under 28 U.S.C. § 2255 filed by Hector Hernandez Negron ("Hernandez"). In February 1996, a Grand

---

1. Dkt. # 512.

**2. Claim that the Court Erred in not Issuing a Special Verdict on the Question of Type and Quantity of Drugs.**

■ Hernandez also argues that the Court erred in not issuing a special verdict specifying the type and quantity of drugs for which he was being convicted. Hernandez cites cases stating that in the absence of such a special verdict, he should have been sentenced only up to the statutory maximum for the least-punished drug offense. *United States v. Rhynes*, 1999 WL 1426103 (4th Cir.1999); *United States v. Orozco–Prada*, 732 F.2d 1076 (2nd Cir. 1984). Hernandez raises this argument for the first time in his § 2255 petition.

■ The general rule is that where a petitioner fails to properly raise a claim on direct review, relief is available only if the petitioner establishes "cause" for the waiver and shows "actual prejudice" resulted from the alleged violation. *Reed v. Farley*, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994); *see also United States v. Perez*, 952 F.2d 908 (5th Cir.1992) (challenges to application of sentencing guidelines barred because alleged violations were not raised on direct appeal). Hernandez could have raised this argument on direct appeal but failed to do so. Additionally, he has failed to establish cause for this failure, and as such, has effectively waived this claim. As § 2255 proceedings are not substitutes for direct appeals, the Court will not consider this argument and dismisses this claim.

**3. Claim that the Court Erred in not Following the Directives of *Apprendi v. New Jersey*.**

■ Hernandez next argues the Court in not issuing a special verdict specifying the type and quantity of drugs for which he was being convicted also violated the rule set forth in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The Court easily disposes of this argument as *Apprendi* was decided two years after Hernandez was tried and sentenced. Although the First Circuit has not addressed the question of whether *Apprendi* applies retroactively, several other circuits have. The general consensus is that *Apprendi* does not apply retroactively to cases on collateral review. *U.S. v. Moss*, 252 F.3d 993, 1000 (8th Cir.2001); *McCoy v. U.S.*, 266 F.3d 1245, 1256 (11th Cir.2001); *Forbes v. U.S.*, 262 F.3d 143, 145 (2nd Cir.2001); *U.S. v. Sanders*, 247 F.3d 139, 146 (4th Cir.2001). As such, the Court will not depart from the opinions in these cases and apply *Apprendi* retroactively. This claim is also dismissed.

**4. Claim of Ineffective Assistance of Counsel for Failing to Accept the Plea Bargain as Directed by Petitioner.**

Hernandez includes a claim that he was denied the effective assistance of counsel because his trial counsel mishandled the plea bargaining process by grossly underestimating Hernandez's potential sentence if the case were taken to trial. Specifically, Hernandez's counsel advised Hernandez that he faced a maximum of ten years in prison when in reality he potentially faced a maximum of life in prison (and in fact received thirty-seven and a half years). Additionally, Hernandez also claims that his trial counsel failed to accept the plea offer as directed, allowing the offer to lapse. The First Circuit dismissed this claim without prejudice stating this issue is best addressed by the trial court in a § 2255 petition.

■ The Sixth Amendment guarantees a criminal defendant effective assistance of counsel in order to protect that defendant's fundamental right to a fair trial. *Strickland v. Washington*, 466 U.S.

668, 684–85, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Constitution does not guarantee a defendant a perfect or successful defense; rather, he is guaranteed " 'reasonably effective assistance under the circumstances then obtaining.' " *Lema v. United States,* 987 F.2d 48, 51 (1st Cir. 1993) (quoting *United States v. Natanel,* 938 F.2d 302, 309–10 (1st Cir.1991), *cert. denied,* 502 U.S. 1079, 112 S.Ct. 986, 117 L.Ed.2d 148 (1992)). A court should evaluate the challenged conduct not with the benefit of hindsight, but from the attorney's perspective at the time of the trial. *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052; *Lema,* 987 F.2d at 51.

 A petitioner must show, first, that his counsel's performance was deficient and, second, that this deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052; *Bucuvalas v. United States,* 98 F.3d 652, 658 (1st Cir.1996); *Bonneau v. United States,* 961 F.2d 17, 20 (1st Cir.1992). The petitioner has the burden of proving both prongs of this test, and the burden is a heavy one. *Bucuvalas,* 98 F.3d at 658. An attorney's performance is deficient if it is " 'so inferior as to be objectively unreasonable.' " *Id.* (quoting *United States v. McGill,* 11 F.3d 223, 226 (1st Cir.1993)). The petitioner must show that there is a reasonable probability that, but for his counsel's deficient performance, the outcome would have been different. *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052; *United States v. Hart,* 933 F.2d 80, 83 (1st Cir.1991); *Carsetti v. Maine,* 932 F.2d 1007, 1012 (1st Cir.1991). There is a strong presumption that the counsel's performance comes within the wide range of reasonable professional assistance. *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052. The defendant must overcome the presumption that his counsel's performance

could " 'be considered sound trial strategy.' " *Id.* (quoting *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955)). The Court's scrutiny of the attorney's performance must be highly deferential. *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052.

 In Hernandez's appeal, the First Circuit recognized that if Hernandez's allegations were true, he would have presented "a serious ineffective assistance of counsel question." *Gonzalez–Vazquez,* 219 F.3d at 41. In a criminal case, a defense lawyer has a duty to advise his client fully on whether a particular plea to a charge appears to be desirable. *Boria v. Keane,* 99 F.3d 492, 496 (2nd Cir.1996). Moreover, the decision whether to plead guilty or contest a criminal charge ultimately rests with the client's wishes. *Id.* at 41.

 If true, these allegations would satisfy both prongs of the *Strickland* standard. It is clear that if Hernandez did indeed instruct his attorney to accept a plea, and his attorney disregarded such an instruction, the attorney's performance would unquestionably classify as deficient. Hernandez would have been prejudiced by such a deficiency as he was sentenced to a significantly greater sentence than the one he would have received had his attorney accepted the plea offer.

The problem here, however, is that Hernandez's claim depends on unresolved factual questions. At this point, the record contains no evidence, aside from what Hernandez alleges, reflecting what his counsel said or advised him regarding the proposed plea offer. Furthermore, it is not entirely apparent whether Hernandez did indeed instruct his attorney to accept the plea offer.[2] The Court is unable to rule on

---

**2.** Hernandez does highlight a portion of the

transcript during his sentencing where he

petitioner's ineffective assistance of counsel claim at this time without first resolving these factual issues. As such, an evidentiary hearing is hereby scheduled for January 17, 2002 at 9:30 a.m. Hernandez's trial counsel, Ramon Garay Medina, Petitioner Hernandez, and Assistant U.S. Attorney Antonio Bazan are required to attend.

WHEREFORE, for all of the reasons set forth above, the Court:

1. DENIES Hernandez's claim that the government's offer of a package plea bargain violated petitioner's constitutional rights.

2. DENIES Hernandez's claim that the Court erred in not issuing a special verdict on the question of type and quantity of drugs.

3. DENIES Hernandez's claim that the Court erred in not following the directives of *Apprendi v. New Jersey.*

4. GRANTS an evidentiary hearing to resolve 1) whether Hernandez's attorney advised his client properly as to his potential sentence if he went to trial; and 2) whether Hernandez instructed his attorney to accept the plea offer, and his attorney failed to do so. The Court hereby orders the Clerk of this Court to notify Attorney Ramon Garay Medina, the U.S. Attorneys Office, and the U.S. Marshal's Office of this Opinion and Order. The U.S. Marshal is hereby ordered to make arrangements for Hernandez to appear at the hearing on January 17, 2002, at 9:30 a.m.

**IT IS SO ORDERED.**

suggested to the Court that he had instructed his attorney to accept a plea and that it was his attorney that did not want to accept it. Dkt. # 1, Exh. E. pg. 31.