Victor Levy CORDERO, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. CIV. 00–1151(RLA),
CR. 91–299(RLA).

United States District Court,
D. Puerto Rico.

March 18, 2003.

Victor Levy Cordero, Pro Se, San Juan, for Plaintiff or Petitioner.

Lena Watkins, Esq., Narcotic and Dangerous Drug Section, U.S. Department of Justice, Washington, D.C., for Defendant or Respondent.

### ORDER DISMISSING 28 U.S.C. § 2255 PETITION

ACOSTA, District Judge.

The Court has before it VICTOR LEVY CORDERO's petition for post-conviction relief under 28 U.S.C. § 2255.

LEVY CORDERO was convicted after a jury trial on Counts One, Two and Three of a superseding indictment that charged drug conspiracy; importation of approximately 5,000 pounds of marihuana in or about March or April of 1987; and possession of the same with intent to distribute, all in violation of 21 U.S.C. §§ 846 and 960, 21 U.S.C. § 952 and 21 U.S.C. § 841(a)(1).

LEVY CORDERO was sentenced on June 8, 1993 to twenty (20) years in prison and 10 years of supervised release. On appeal, the First Circuit remanded the case to this Court for a hearing on the reliability of defendant's alibi evidence that the Court had excluded at trial. *See United States v. Levy-Cordero,* 67 F.3d 1002 (1st Cir.1995).

After the alibi reliability hearing, the First Circuit determined that this Court's "failure to place before the jury any evidence that Levy was in Florida during the relevant weekend was 'harmless beyond a reasonable doubt.'" *United States v. Levy-Cordero,* 156 F.3d 244, 247 (1st Cir. 1998) (*Levy II* ). Accordingly, the conviction was affirmed.

LEVY CORDERO filed the present petition after denial of his *writ of certiorari. Levy-Cordero v. United States,* 526 U.S. 1040, 119 S.Ct. 1337, 143 L.Ed.2d 501 (1999).

### DISCUSSION

### *Claim of Ineffective Assistance of Counsel due to His Attorney Engaging in Criminal Conduct*

■ LEVY CORDERO's first ineffective assistance of counsel claim alleges that his attorney Robert Moore labored under an actual conflict of interest because, unbeknownst to LEVY CORDERO, Moore "had himself engaged in criminal activity related to the same type of conduct related to drugs for which [LEVY CORDERO] was convicted."

To obtain a new trial based on an ineffective assistance of counsel claim, LEVY CORDERO must demonstrate "(1) that counsel fell below the applicable standard for performance, and (2) that prejudice resulted." *Carey v. United States,* 50 F.3d 1097, 1100 (1st Cir.1995). The Court will presume that prejudice resulted "if the defendant demonstrates that counsel actively represented conflicting interests and

that an actual conflict of interest adversely affected his lawyer's performance." *Id.* (internal quotations omitted). An actual conflict of interest exists when "a plausible alternative defense strategy or tactic" is inherently in conflict with, or not undertaken because of, the attorney's other interests or loyalties. *Id.*

LEVY CORDERO's claim fails because he does not identify any plausible alterative defense strategy or tactic. LEVY CORDERO contends that there was an actual conflict merely because his attorney may have been engaged in criminal conduct at the time of his representation and failed to disclose this fact to LEVY. Neither the law nor the record of this case supports this claim.

A "per se" Sixth Amendment violation does not occur merely because a defense attorney may have committed a crime. Generally, the attorney's alleged criminal conduct "must be sufficiently related to the [defendant's] charged crimes to create a real possibility that the attorney's vigorous defense of his client will be compromised." *United States v. Fulton*, 5 F.3d 605, 611 (2d Cir.1993). An attorney's criminal conduct may give rise to a conflict of interest resulting in ineffective assistance of counsel if a vigorous defense would risk disclosure of the attorney's conduct. *See, e.g., Fulton*, 5 F.3d at 609–11 (both defendant and counsel allegedly imported heroin in concert with a government witness); *United States v. Greig*, 967 F.2d 1018, 1025 (5th Cir.1992) (at defendant's drug trafficking trial, it was "plainly obvious . . . that . . . counsel was preoccupied with conducting his own defense" where defendant and counsel were also both implicated in witness tampering); *United States v. Cancilla*, 725 F.2d 867, 870 (2d Cir.1984) ("[I]t must have occurred to counsel that a vigorous defense might uncover evidence or prompt testimony revealing his own crimes[.]").

In addition, an attorney who is anticipating criminal or disciplinary charges stemming from his alleged misconduct unrelated to the defendant may labor under a conflict of interest. A defendant seeking post-conviction relief, however, must at least identify a defect in counsel's representation and allege some connection between the misconduct and the defect. LEVY CORDERO has done neither. *See United States v. Soldevila–Lopez*, 17 F.3d 480, 486–87 (1st Cir.1994) (rejecting as "theoretical or merely speculative" defendant's claim that counsel who had failed to timely raise issue had interest in losing issue on the merits to avoid disciplinary proceedings); *United States v. González*, 970 F.2d 1095, 1101 (2d Cir.1992) (rejecting conflict allegation where defendant unable to demonstrate "any connection between the substance of [counsel's] advice in December of 1990 regarding [defendant's] plea and [counsel's] discovery two months later that he [himself] was under investigation in an unrelated case").

In this case, where Attorney Moore's misconduct was completely unrelated to the charges against LEVY CORDERO, *see* Transcript of January 16, 1996 hearing at 159 (docket No. 562, Attachment A), and there is no indication that Attorney Moore anticipated adverse consequences stemming from his misconduct, there was no actual or potential conflict of interest. In sum, LEVY CORDERO has failed to specify how Moore's criminal conduct adversely affected the defense, and "the inherent risk of harmful conflict here was not so great that a defendant . . . necessarily suffer[ed] an actual or constructive denial of the assistance of counsel altogether." *Familia–Consoro v. United States*, 160 F.3d 761, 766 (1st Cir.1998) (internal quotation

omitted). Accordingly, this claim is dismissed.

### Claim of Ineffective Assistance of Counsel With Respect to the Alleged Alibi Evidence

 LEVY CORDERO next alleges that he was denied effective assistance of counsel because Attorney Moore "failed", to conduct thorough investigation on two alibi defenses given to him by petitioner. In support of this claim, LEVY CORDERO first argues that Attorney Moore's lack of preparation "led him to openly violate [the Court's] Omnibus Order concerning alibi defenses," thereby depriving the jury of the opportunity to hear evidence that this Court later deemed "reliable." This allegation inaccurately construes what transpired regarding petitioner's proffered "alibis".

Initially, this Court excluded at trial the alibi placing LEVY CORDERO in Florida during the weekend of March 27 (the "Gainesville alibi" as petitioner calls it.) Moreover, based on the recantation of this alibi by LEVY CORDERO's own witnesses at the hearing on remand, the First Circuit held that the alibi was "false or utterly unreliable." *Levy II*, 156 F.3d at 247. As to the alibi placing LEVY CORDERO in Puerto Rico at the end of March (the Puerto Rico alibi) that this Court heard evidence on at the remand hearing; this was *not* the alibi proffered at trial. Thus, whether Attorney Moore complied with discovery requirements or not is irrelevant as to his alleged alibi defenses, both of which were in time discredited by the appeals court. *See Levy II* 156 F.3d at 248 ("A convicted criminal cannot successfully lay claim to a new trial when, years after his conviction, his friends suddenly provide a new alibi unsupported by anything other than their collective word.").

Furthermore, it is unclear what "information," if any, LEVY CORDERO gave Attorney Moore to investigate regarding the alibi. LEVY CORDERO does not contest Attorney Moore's testimony that, initially, neither LEVY CORDERO nor his friends could remember whether or not they took the trip to the races in 1987 and that their memories began to crystalize during the trial. LEVY CORDERO's non-specific claim of providing sufficient information to his attorney earlier is thus "inadequate on its face" and inconsistent with the record; it lacks sufficient detail to call into question what transpired between petitioner and Attorney Moore.

 Additionally, LEVY CORDERO argues that Attorney Moore failed to investigate "information and evidence that could have shown the impossibility of petitioner's boat 'La Bebe' being part of the criminal activity alleged in the indictment." First of all, this allegation is "inherently incredible," *David*, 134 F.3d at 477.

Although LEVY CORDERO provides a vivid account of what allegedly happened to his boat in March 1987, he does not specify which, if any, part of this "information and evidence" constituted the "leads" he gave Attorney Moore to investigate the alleged alibi. Second, this alleged alibi was consistent with the proffered vacation alibi. It would have been logical to attempt to obtain the evidence or at least refer to this alibi at the hearing on remand, when LEVY CORDERO was represented by a different attorney, yet he did not do so. Finally, in a motion filed a few months prior to the Motion to Vacate Sentence, LEVY CORDERO requested discovery of documents relating to the seizure of his boat "[b]ecause there exists the possibility of being able to develop based on recent discovery a *new* argument concerning the use of the boat[.]" Crim. 91–299, docket No. 1557 (emphasis added). This is

yet another indication that his attorney was not inefficient at the time he was investigating the boat's whereabouts.

Thus, petitioner's allegations in this regard lack credence and this claim must be dismissed.

### General Claims of Ineffective Assistance of Counsel and Claim With Respect to the Telephone Records Evidence

LEVY CORDERO's general allegations of incompetency, lack of preparation for trial, lack of knowledge of federal court rules, and lack of concentration, Motion 11 (Ground Three), do not merit consideration as they are vague and unsupported by the record. Petitioner was, in fact, vigorously represented by counsel; witnesses were aptly cross-examined and their impeachment sought, the evidence was questioned and reasonable defenses or contradictions were developed for the jury's consideration and ably addressed in the closing arguments. *See David*, 134 F.3d at 477–78.

■ In addition, LEVY CORDERO seeks relief based upon a claim that Attorney Moore failed to introduce into evidence records indicating that a cellular telephone allegedly used by Rosa–Collazo to contact LEVY CORDERO was not in service in March 1987. The government refused to stipulate to the records because, although one document indicated that the telephone number was not in service between January and August 1987, the September 1987 toll record reflected a previous bill totaling $507.28.

The record reflects that, after study, Attorney Moore concluded that the records were "misleading":[1] Attorney Moore had obtained information from the tele-

phone company records custodian indicating that the same subscriber had "changed his number every few months." He therefore concluded that the records he had obtained did not, in fairness to both parties, prove the point he wanted to establish, which was that Rosa didn't make a call during the month of March. *See* Trial Transcript, December 14, 1992, at p. 129. Thus, LEVY CORDERO's allegation fails to establish either deficient performance on counsel's part or prejudice resulting from failure to introduce the records into evidence.

### Claim that Petitioner's Sentence is in Violation of Apprendi v. New Jersey

■ By way of a motion for leave to file a supplemental pleading[2] LEVY CORDERO avers that the Court erred in sentencing him pursuant to the rule enunciated in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The rule in *Apprendi* is that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348. Petitioner claims that he "received a sentence five (5) years longer than the maximum he could have received had he been sentenced on the facts as found by the jury."

*Apprendi* was decided after LEVY CORDERO filed the present petition. The First Circuit has not directly addressed the question of whether *Apprendi* applies retroactively. The general consensus of several other circuits is that *Apprendi* does not apply retroactively to

---

1. *See* Trial Transcript, December 14, 1992, at p. 129.

2. *See* Motion for Leave to File Amended Habeas Relief... (**docket No. 17**), which is hereby **GRANTED**. *See also* United States of America's Response... (**docket No. 19**).

cases on collateral review. *See Negrón v. U.S.*, 175 F.Supp.2d 148 (D.P.R.2001) (citing *U.S. v. Moss*, 252 F.3d 993 (8th Cir. 2001); *McCoy v. U.S.*, 266 F.3d 1245 (11th Cir.2001); *Forbes v. U.S.*, 262 F.3d 143 (2nd Cir.2001); *U.S. v. Sanders*, 247 F.3d 139 (4th Cir.2001)). This Court will not depart from the opinions in these cases, and will not, therefore, apply *Apprendi* retroactively. Accordingly, this claim must also be DISMISSED.

### Claim of Erroneous Application of the Law at Sentencing

Petitioner also blames his attorney for providing ineffective assistance at sentencing. He alleges that due to his counsel's incompetency, his Judgment and Commitment Order reflects an error concerning the applicable law for sentencing purposes.[3]

LEVY CORDERO contends that, because his infringement of the law, according to the indictment, occurred from March 27, up to March 29, 1987, "the applicable sentencing law at the time had to be the Sentencing Reform Act of 1984, a non guidelines sentence." He further avers that "[u]nder this non guidelines sentencing law the convicted had only to serve 2/3 of his sentence as it is clearly mandated under the law." Petitioner does not cite any legal authority in support of this proposition.

The Court has reviewed the record and petitioner's Presentence Report and finds that petitioner was properly sentenced pursuant to a non-Sentencing Guidelines Presentence Report.

■ However, to the extent that LEVY CORDERO is claiming that his sentence is subject to parole, his claim is unfounded. LEVY CORDERO was convicted on Counts Two and Three for violations of 21 U.S.C. 841 and 952 (Supp. IV 1986). The penalty statutes for those violations, as amended by the Anti–Drug Abuse Act of 1986, Pub.L. 99–570 §§ 1002, 1302, 100 Stat. 3207, 3207–2 to 3207–4, 3207–15 to 3207–18, provided for supervised release following incarceration, and did not provide for parole. *See Gozlon–Peretz v. United States*, 498 U.S. 395, 409, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991) ("We hold that for offenses committed in the interim period between October 27, 1986, and November 1, 1987, supervised release applies for all drug offenses in the categories specified by ADAA § 1002"); *Padilla Palacios v. United States*, 932 F.2d 31, 33–34 (1st Cir.1991) ("We can therefore conclude, for the same reasons stated by the Supreme Court in *Gozlon–Peretz*, that supervised release applies for all drug offenses committed during the hiatus period in the categories specified by ADAA § 1302.") Accordingly, this Court imposed the only lawful form of post-conviction supervision available.

■ To the extent that petitioner claims that he has been prejudiced by the Bureau of Prison's (BOP) custody and security designation based on the Judgment and Commitment Order issued by this Court, this claim is **DENIED** for failure to exhaust the administrative remedies available to him within the BOP. *See Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir.1989) ("Federal district courts have no authority to monitor the execution of a prisoner's sentence. That task is left to the Bureau of Prisons.").

---

**3.** *See also* petitioner's Emergency Motion to the Court (**docket No. 24**); Response of the United States in Opposition to Levy–Cordero's Emergency motion to the Court (**docket No. 28**); and petitioner's Brief Reply to Government's Opposition to Emergency Motion (**docket No. 31**).

In light of the above, VICTOR LEVY CORDERO's petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is hereby DISMISSED. Judgment to issue.

IT IS SO ORDERED.

### *JUDGMENT*

The Court having dismissed petitioner's motion under 28 U.S.C. § 2255 through its Order issued on this same date; it is hereby

ORDERED and ADJUDGED that this case be and the same is hereby dismissed.

IT IS SO ORDERED.